IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NNJ DEVELOPMENT, LLC d/b/a
MENNO BRAND PRODUCTS,

      Plaintiff,

                            No. CIV 08-535 MV/RLP

DUTY FREE WORLD, INC.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Transfer Venue (Doc. No. 8, filed July 7, 2008). For the reasons stated below, the Court will **DENY** the Motion.

Plaintiff is a New Mexico limited liability company with its principal place of business in Albuquerque, New Mexico. (First Amended Complaint ¶ 1). Defendant is a Florida corporation with its principle place of business in Medley, Florida. (*Id.* ¶ 2). Plaintiff sued Defendant for breach of contract, breach of duty of good faith and fair dealing, unjust enrichment, quantum meruit and open account. (*Id.* ¶¶ 16-41).

Defendant seeks to transfer venue to the United States District Court for the Southern District of Florida based on the following facts: (1) the contract between the parties was made in Miami, Florida and the Country of Belgium, (2) the delivery of the subject goods was to be made in the Country of Spain, (3) the Defendant is located in Miami, Florida, (4) the business for which the subject goods were acquired is operated and controlled in Miami, Florida, and (5) no contacts exist in the State of New Mexico other than the purported post-contract acquisition of the Plaintiff's rights by a company located in New Mexico. (Motion at 1-2). Defendant presents virtually no argument

or legal authority in its approximately one-page Motion and did not file a memorandum in support.

Plaintiff argues that venue in the District of New Mexico is statutorily proper and should not be disturbed. (Response at 3). The general venue statute, 28 U.S.C. § 1391(a), provides that civil actions may:

> be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

A "defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Defendant admitted the Court has jurisdiction over the parties. (Answer ¶ 5, Doc. No. 33, filed August 13, 2008). Thus, venue is proper in this Court because Defendant is a resident of New Mexico.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). However, the "party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient" and "[u]nless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

In its two and a half page Reply, Defendant disputes some facts relevant to "the relationships between the parties and the facts surrounding the formation of the subject contract." (Reply at 1-3, Doc. No. 26, filed August 4, 2008). Nowhere in its Motion or Reply does Defendant argue that venue is not proper in this Court or that the existing forum is inconvenient. In its two-page

Response to Plaintiff's Surreply, Defendant presents a two sentence argument, with the first sentence stating that the case should be transferred to Florida based on the doctrine of *forum non-conveniens*. (Doc. 50 at 2, filed November 21, 2008). The second sentence is a conclusory assertion that the facts support such a transfer. (*Id.*). Because the Court concludes that venue is proper in this Court and because Defendant has not met its burden of establishing that the existing forum is inconvenient, the Court will **DENY** Defendant's Motion to Transfer Venue.

**IT IS SO ORDERED.**

Dated this 18th day of February, 2009.

_____
**MARTHA VAZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorney for Plaintiff*:

Donald Kochersberger
320 Gold Avenue SW Suite 610
Albuquerque, NM 87102-3208

*Attorneys for Defendant*:

Jennifer Anderson
P.O. Box 2168
Albuquerque, NM 87103

Ronald Shapo
1515 Ringling Blvd. Suite 700
Sarasota, FL 34236